IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Dontee Brown (20866), | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Case No. 19 C 2499 |
| v. | ) ) ) | Judge Philip G. Reinhard |
| Tim Erickson, Administrator, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

The docket reflects that plaintiff paid the filing fee associated with this action [7]. Summonses, however, shall not issue. Plaintiff's complaint [1] is dismissed without prejudice. If plaintiff wants to proceed with this lawsuit, he must submit an amended complaint that complies with this order. Failure to submit an acceptable amended complaint by July 26, 2019, or the submission of one that does not comply with this order, will result in summary dismissal of this lawsuit. The court defers ruling on plaintiff's motion for appointment of counsel [4] pending filing of an acceptable amended complaint. The Clerk of Court is directed to send plaintiff an amended complaint form, a blank USM-285 form, and instructions along with a copy of this order.

## STATEMENT

Plaintiff Dontee Brown, an inmate at the Whiteside County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff paid the filing fee associated with this action [7]. Before the court is plaintiff's complaint [1] for initial review.

Under 28 U.S.C. § 1915A, the court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice

pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Plaintiff's complaint cannot proceed for the reasons set forth below.

First, the complaint runs afoul of FED. R. CIV. P. 8(a)(2). Plaintiff's complaint, which consists of one hundred and twenty-four pages (including various attached exhibits) and jumps around between different defendants and events that have occurred at Whiteside County Jail since 2016, is neither "short" nor "plain." Plaintiff's complaint, as drafted, simply provides too many details. *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378-79 (7th Cir. 2003) (a complaint that is too jam-packed with details makes it too difficult to comprehend and too difficult to answer). If plaintiff wishes to proceed with this lawsuit, he must submit an amended complaint that streamlines his allegations, clarifies his claim(s), and provides only the information that is relevant to each claim(s) he is attempting to raise.

Second, and relatedly, misjoinder seems to be an issue in this case. As noted above, plaintiff has set forth a lengthy narrative about certain events that have occurred at the Whiteside County Jail since March 2016. In the concluding section of plaintiff's complaint entitled "Legal Claims," he indicates that he is attempting to raise claims of inadequate medical care (against various named jail and medical personnel). In this same section, he also claims that: his "right to medical/mental health privacy" has been violated; the jail has "faulty grievance procedures"; his right to be "free from discrimination and right to practice [his] Islamic Religion/Faith" has been violated; and that he has been retaliated against for his prior litigation activities. ([1] at pgs. 57-73.) The statement of claim portion of his complaint also identifies at least one instance in March 2019 where certain named defendants verbally harassed plaintiff and aggressively handled him. (*Id.* at pg. 51.) Plaintiff identifies twenty-nine defendants in connection with these allegations. Plaintiff may not bring unrelated claims against unrelated defendants in a single complaint. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Any amended complaint should be limited to related claims against properly joined defendants. Any remaining claim(s) must be brought in a separate lawsuit, accompanied by a separate application to proceed *in forma pauperis*.

Third, following the submission of his complaint in this case, plaintiff filed a letter [9] in which he states that "[he] [is] writing because there are some major developments and concerns that have [arisen] involving [his] current complaint." ([9] at pg. 1.) In this letter, he complains about additional acts of alleged retaliation against certain defendants named in this action

2

(defendants Booker and Erickson in particular). In this letter, plaintiff also asks that the court take certain steps to preserve evidence in support of his claims. (*Id.* at pg. 2.) To the extent that plaintiff is attempting to amend his complaint (with additional claims or information pertinent to his claims) by way of his letter, he is advised that piecemeal amendment is not permitted. *See Flannery v. Recording Indust. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004) (piecemeal amendments are not permitted because an amended complaint replaces or supersedes the original complaint). And, to the extent that plaintiff seeks court action concerning the preservation of evidence in this case, his request is premature given the nature of this order and that it is unclear at this point what particular claim(s) plaintiff is even attempting to raise in this action.

As a final matter, the court notes that while it is unclear what particular claim(s) plaintiff is attempting to raise in this action (given the aforementioned flaws with the current complaint), a significant portion of the complaint relates to plaintiff's medical care (or lack thereof) that he received at the jail at the hands of certain jail/medical personnel (including Dr. Martija, nurse Warkins, Lt. Erickson, and others). If plaintiff chooses to submit an amended complaint in this matter, he should keep in mind that the doctrine of *res judicata* bars a second federal lawsuit that seeks to re-litigate claims a plaintiff brought against a defendant in a prior federal action or that he could have brought against that defendant. *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016). The doctrine applies "when three requirements are met: (1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Id*. (citation and internal quotation marks omitted). The allegations in the current complaint -- at least to some extent -- seem to track the complaint filed by plaintiff in No. 16 C 50337 in which plaintiff claimed that, during his confinement at Whiteside County Jail from 2016-2018, he was denied adequate medical care in connection with certain abdominal/bowel issues (which allegedly occurred after he ingested the wrong medication) and his PTSD/night terrors. *See Brown v. Erickson, et al.*, case no. 16 C 50337 (N.D. Ill.) (Reinhard, J.) (granting defendants' motions for summary judgment and dismissing case in its entirety on 4/9/2019).[1] The parties in case no. 16 C 50337 (Dr. Martija, nurse Warkins, and Lt. Erickson) are a subset of the parties in the instant case, and plaintiff should keep in mind that he cannot revive the claims against the defendants in No. 16 C 50337 merely by filing a new case and adding additional defendants. *See Boyce v. Busch*, No. 14 C 50066, 2014 WL

---

[1] The court notes that plaintiff's original complaint in case no. 16 C 50337 went through several permutations before the court determined that his allegations sufficiently stated a medical claim against defendants Dr. Martija, nurse Warkins, and Lt. Erickson. The versions of the complaint filed in case no. 16 C 50337 have similarities to the complaint filed in this case. For instance, in his original version of the complaint in case no. 16 C 50337, plaintiff attempted to name Sheriff Kelly C. Wilhelmi, Lt. Erickson, nurse Warkins, deputy Brandon Bush, and deputy Brennan Coward (in connection with his medical claim); he also tried to assert that the conduct of defendants violated HIPAA. (*See* [1], case no. 16 C 50337). In the second/amended version of the complaint in case no. 16 C 50337, plaintiff again tried to sue Sheriff Wilhelmi, Lt. Erickson, nurse Warkins, and Dr. Martija (in connection with his medical claim); he also alleged that the conduct of defendants was retaliatory in nature. [19]. After screening plaintiff's amended complaint in case no. 16 C 50337, the court determined that plaintiff's allegations were sufficient to state an inadequate medical care claim against Dr. Martija, nurse Warkins, and Lt. Erickson; all other claims and defendants were dismissed. [20]. In the complaint in this case, plaintiff names twenty-nine defendants, including Sheriff Wilhelmi, Lt. Erickson, nurse Warkins, deputy Bush, deputy Coward, and others. The complaint in this case also makes reference to HIPAA (and plaintiff's "right to privacy") and to retaliation at the hands of defendants.

3

2480184, at *5-7 (N.D. Ill. June 3, 2014).

      Accordingly, for the reasons stated above, the court dismisses plaintiff's complaint [1] without prejudice. If plaintiff wants to proceed with this lawsuit, he must submit one amended complaint that complies with this order. Any amended complaint must be submitted on the court's required form. *See* Local Rule 81.1. Any amended complaint also must comport with Federal Rule of Civil Procedure 11; Rule 11 provides that by signing a pleading, a party represents to the court that his claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. FED. R. CIV. P. 11(b). Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint without reference to the original complaint. Any documents plaintiff wants the court to consider in its threshold review of the amended complaint also must be attached. Plaintiff is advised to keep a copy for his files.

      The Clerk of Court will provide plaintiff with an amended complaint form, a blank USM-285 form, and instructions along with a copy of this order. Failure to submit an amended complaint by the date set forth above will result in dismissal of this lawsuit.

Date: 06/28/2019                                            ENTER:

                                                                *Philip G. Reinhard*
                                                         United States District Court Judge

                                                Docketing to Mail Notices. (LC)